**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 23-2349
_____

In re: DONALD COLE,
                                        Petitioner

_____

On Appeal for Writ of Mandamus from the
United States District Court for the District of Delaware
(Related to D. Del. No. 1:10-cv-00088)

_____

Submitted Pursuant to Rule 21, Fed. R. App. P.
on September 21, 2023

Before: HARDIMAN, RESTREPO, and BIBAS, Circuit Judges

(Opinion filed: October 12, 2023)

_____

OPINION*
_____

PER CURIAM

Donald Cole filed a petition for a writ of mandamus. For the reasons that follow, we will dismiss the petition as moot.

Cole filed a civil rights complaint and was appointed counsel. In September 2021, Cole's counsel signed a settlement agreement. After the District Court entered a final order dismissing the case and awarding attorneys' fees and costs, Cole filed a motion in September 2007 pursuant to Rule 60(b) for relief from the judgment and a motion to set aside the settlement agreement. On July 23, 2023, Cole filed his petition for a writ of mandamus in which he requested that we order the District Court to adjudicate his motion for relief from judgment. By order entered August 23, 2023, the District Court noted that Cole had argued in his filings that the settlement agreement was invalid but also that the defendants had breached the agreement. It denied the motion for relief from judgment and motion to set aside the settlement without prejudice to allow Cole to clarify how he wished to proceed. Cole filed a motion to set aside the settlement agreement which is pending.

Cole has now filed a motion to deem his petition moot and for a refund of the docketing fees. We agree that Cole's request that we order the District Court to rule on his

_____

* This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

motions is moot.  See Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698–99 (3d Cir. 1996) (noting that "[i]f developments occur during the course of adjudication that . . . prevent a court from being able to grant the requested relief, the case must be dismissed as moot.").

We will dismiss the petition for a writ of mandamus as moot.  Cole's request for a refund of the docketing fees is denied.  See Porter v. Dep't of Treasury, 564 F.3d 176, 179 (3d Cir. 2009).